UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY R. KATTELL,

    Plaintiff,

v.                                                   Case No: 8:18-cv-2243-T-36AEP

BRENNTAG MID-SOUTH, INC.,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon the Defendant's Unopposed Motion to Temporarily Stay Discovery (Doc. 16). In the motion, Defendant states that this Court should exercise its discretion to stay discovery pending a ruling on Defendant's potentially dispositive Motion for Judgment on the Pleadings. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Unopposed Motion to Temporarily Stay Discovery.

**I.    BACKGROUND**

Plaintiff filed this action alleging violation of the Florida Private Whistleblower's Act ("FPWA"), § 448.102, Fla. Stat., by Defendant, which operates a chemical and ingredient distribution facility. Doc. 2 ¶ 1. Plaintiff worked as an Acid Operator for defendant, and during his employment he reported another employee for violating Defendant's Personal Protective Equipment ("PPE") procedure, which is required by 29 C.F.R. 1910.132.[1] The supervisor who

---

[1] 29 C.F.R. § 1910.132(a) states that "[p]rotective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact."

Plaintiff reported the violation to became angry at Plaintiff, calling him a snitch, and Plaintiff's overtime hours were subsequently reduced. *Id.* ¶¶ 17-19. Additionally, the supervisor later disciplined Plaintiff for using sick leave and Plaintiff was ultimately suspended and terminated. *Id.* ¶¶ 20-22. Based on these allegations, Plaintiff asserted a claim for violation of the FPWA. *Id.* ¶¶ 26-29.

Defendant filed a motion for judgment on the pleadings, arguing that Plaintiff's claim is preempted by 29 U.S.C. 660(c)[2] of the Occupational Safety and Health Act ("OSH Act"), which contains a procedure for filing an administrative complaint. Doc. 14 at 4-5. Defendants contend that Plaintiff did, in fact, file a complaint with the Occupational Safety and Health Administration of the Department of Labor ("OSHA") against Defendant citing the same allegations contained in the Complaint. *Id.* at 5. Defendant also contends that this is Plaintiff's sole remedy and that the federal law preempts Plaintiff's FPWA claim, a matter that Defendant admits the Eleventh Circuit has not specifically addressed. *Id.* at 6. Defendant further admits that Florida courts have declined to find preemption, but have ruled that a plaintiff is limited to electing one remedy—either filing a complaint under the OSH Act or filing a claim for violation of the FPWA. *Id.*

Defendant also argues in its motion for judgment on the pleadings that even if Plaintiff could proceed in the case, he could not state a claim because he could not establish an actual violation of law, rule or regulation. *Id.* at 7. Defendant contends that Plaintiff alleged only that he had a good faith, reasonable belief that Defendant violated OSHA regulations, which does not rise to the level of an actionable claim. *Id.* at 7-8. Additionally, Defendant argues that violation

---

[2] Subsection (c) of 29 U.S.C. § 660 governs the discharge or discrimination against an employee for exercising his or her rights under that Chapter and provides the procedures for obtaining relief.

of 29 C.F.R. § 1910.132 requiring PPE was alleged to have occurred by an employee, not by Defendant, and that Plaintiff therefore fails to state a claim against Defendant. *Id.*at 10.

Defendant filed the instant motion arguing that discovery should be stayed pending resolution of the motion for judgment on the pleadings because the claim is not meritorious and discovery is costly and burdensome. Doc. 16.

## II. LEGAL STANDARD

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A*., 8:15-CV-2424-T-23JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)).

The Court must balance several concerns, i.e., it must determine whether a pending motion will be granted and entirely eliminate the need for discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court is permitted to "peek" preliminarily at the motion to determine whether it appears meritorious, which would support entering a stay. *Id*.

In *Chudasama v. Mazda Motor Corp*., the Eleventh Circuit recognized that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

123 F.3d 1353, 1367 (11th Cir. 1997). Nonetheless, the Eleventh Circuit was clear to make the distinction between meritorious claims and those that are "especially dubious." *Id*. Courts in this district have stayed discovery where a dispositive motion is pending and discovery will impose a *significant* burden on the court and parties. *See, e.g., McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla.

3

2006) (applying *Chudasama* and granting motion to stay discovery pending outcome of motion to dismiss).

However, generally, a pending dispositive motion alone is not a basis to delay discovery. *See* Middle District Discovery (2015)[3] at §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion."); *see also Koock v. Sugar & Felsenthal, LLP*, 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama*] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending."). The Court in *In re Winn Dixie Stores, Inc. Erisa Litigation*, noted that Eleventh Circuit case law, including *Chudasama* and its progeny, do not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." 304-CV-194J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007). *Chudasama* and its progeny "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litigation*, 2007 WL 1877887, at *1).

**III. DISCUSSION**

Defendant provides no argument that the discovery in this case is unusually burdensome or costly, but instead seeks a stay based on the normal costs and burdens that come with discovery. *See generally* Doc. 16. The Court has performed a preliminary review of the motion for judgment on the pleadings and, by Defendant's own admission, this area of the law is not well established.

---

[3] Available at http://www.flmd.uscourts.gov/sites/flmd/files/documents/florida-middle-district-courts-civil-discovery-handbook.pdf.

Under the circumstances of this case, the Court finds that a stay pending ruling on the motion for judgment on the pleadings is not warranted.

Accordingly, it is **ORDERED**:

1. Defendant's Unopposed Motion to Temporarily Stay Discovery (Doc. 16) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 17, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any