**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RICKY R. KATTELL,**

    **Plaintiff,**

v.                                           Case No.: 8:18-cv-2243-T-36AEP

**BRENNTAG MID-SOUTH, INC.**

    **Defendant.**

_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, RICKY R. KATTELL, by and through undersigned counsel, hereby brings this amended action against Defendant, BRENNTAG MID-SOUTH, INC., and in support of his claim states as follows:

**JURISDICTION AND VENUE**

    1.    This is an action for damages exceeding $75,000.00, exclusive of interest, fees, and costs, for violation of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

    2.    This Court has jurisdiction of the claim herein pursuant to 28 U.S.C § 1332.

    3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

    4.    Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is a Foreign Profit Corporation with its principal place of business in Henderson, Kentucky.

6. Defendant maintains a facility in Tampa, Florida.

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorney and agreed to pay him a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

12. At all times material hereto, Plaintiff was an "employee" within the meaning of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §652 (6).

13. At all times material hereto, Defendant was an "employer" within the meaning of the OSHA, 29 U.S.C. §652 (5), and as such was subjected to its provisions.

## FACTS

14. Plaintiff began working for Defendant in August 2015.

15. At all times material hereto, Plaintiff worked as an Acid Operator at the Defendant's Tampa, FL facility.

16. At all times material hereto, Plaintiff reported to Cory Haynes ("Mr. Haynes") who was Plaintiff's lead/supervisor at the Defendant's Tampa, FL facility.

17. As a lead/supervisor Mr. Haynes was an agent of the Defendant.

18. As an agent of Defendant, the Defendant is liable for Mr. Haynes actions and/or inactions.

19. In March 2016 Plaintiff received a satisfactory performance review.

20. On or around May 17, 2016 Plaintiff began also reporting to Todd Dial, ("Mr. Dial"), as Mr. Dial became the Tampa Operations Manager.

21. Mr. Haynes had a history of engaging in unsafe practices at the Defendant's Tampa, FL facility.

22. On or around May 27, 2016 Plaintiff was instructed by Mr. Haynes to leave his work area during a sulfuric acid dilution process causing the holding tank to overflow and spill acid.

23. The holding tank overflow and resulting spill of acid created an unsafe working environment.

24. On or around May 29, 2016 Plaintiff witnessed his lead/supervisor, Mr. Haynes, violate Defendant's Personal Protective Equipment ("PPE") policy and procedure as required by 29 C.F.R. 1910.132.

25. Specifically, Plaintiff witnessed his lead/supervisor, Mr. Haynes, failing to wear PPE required equipment and protective goggles as required by Defendant's Personal Protective Equipment policy and procedure as required by 29 C.F.R. 1910.132.

26. The failure by Mr. Haynes to wear PPE required equipment and protective goggles as required by Defendant's Personal Protective Equipment policy and procedure, as required by 29 C.F.R. 1910.132, put Mr. Haynes, Plaintiff, and all of Defendant's employees at risk in the event of a sulfuric acid overflow and spill.

27. On or around May 30, 2016 Plaintiff submitted a written complaint ("Written Complaint") to Mr. Dial regarding Mr. Haynes' violation of the Defendant's Personal Protective Equipment policy and procedure as required by 29 C.F.R. 1910.132.

28. In the Written Complaint, Plaintiff detailed that Mr. Haynes' failure to wear PPE required equipment and protective goggles was in violation of Defendant's own Personal Protective Equipment policy and the OSHA laws that require employees to wear safety equipment.

29. Further, in the Written Complaint, Plaintiff requested an immediate review of the video surveillance footage that Defendant kept so that Mr. Haynes' violations of Defendant's Personal Protective Equipment policy and procedure and the OSHA laws could be corrected to ensure workplace safety.

30. On or around May 31, 2016 Plaintiff met with Mr. Dial to discuss the Written Complaint wherein Mr. Dial became angry with Plaintiff and called Plaintiff a snitch.

31. After submitting the Written Complaint, Plaintiff had his overtime hours reduced.

32. After submitting the Written Complaint, Mr. Dial disciplined Plaintiff for exercising Defendant's sick leave policy.

33. After submitting the Written Complaint, Plaintiff was suspended by Defendant on or about August 8, 2016.

34. After submitting the Written Complaint, on or about August 10, 2016, Defendant terminated Plaintiff.

35. The Defendant had a legal duty to comply with regulations promulgated under the OSHA, namely 29 C.F.R. 1910.132.

36. Defendant, through its agent, Mr. Haynes, failed to comply to comply with regulations promulgated under the OSHA, namely 29 C.F.R. 1910.132.

37. Plaintiff objected to the Defendant's actual failure to comply with regulations under 29 C.F.R. 1910.132, which was documented by Defendant's own video surveillance cameras and memorialized in Plaintiff's Written Complaint.

38. By reducing Plaintiff's overtime hours, suspending him, and terminating his employment Defendant retaliated Plaintiff for engaging in protected activity under the FPWA.

## COUNT I – RETALIATION UNDER THE FPWA

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 38 of this Amended Complaint, as though fully set forth herein.

40. Plaintiff objected to the Defendant's actual failure to comply with regulations under the OSHA, namely 29 C.F.R. 1910.132, which was documented by Defendant's own video surveillance cameras and memorialized in Plaintiff's Written Complaint.

41. By objecting to the Defendant's actual failure to comply with regulations under the OSHA, namely C.F.R. 1910.132, Plaintiff engaged in protected activity under the FPWA.

42. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by reducing Plaintiff's overtime hours, suspending him, and terminating his employment.

43. Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgement against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting this claim, in accordance with Fla. Stat. §448.104; and

f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of June, 2019.

                              Respectfully submitted,

                              /s/ Jason B. Woodside
                              Jason B. Woodside
                              FL Bar No. 104848
                              Woodside Law, P.A.
                              100 S. Ashley Dr., Ste. 600
                              Tampa, FL 33602
                              T: (813) 606-4872
                              F: (813) 333-9845
                              Primary: Jason@woodsidelawpa.com
                              *Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to:

Adriana S. Barnette, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Adriana.barnette@ogletree.com

Dee Anna D. Hays, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Deeanna.hays@ogletree.com