**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICKY R. KATTELL,**

    **Plaintiff,**

v.                                                          Case No.: 8:18-cv-02243-CEH-AEP

**BRENNTAG MID-SOUTH, INC.**

    **Defendant.**

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGEMENT**

Plaintiff, by and through undersigned counsel and pursuant to Middle District of Florida Local Rule 3.01(b), files this Response in Opposition to Defendant's Motion for Final Summary Judgement (Dkt. 32) ("Defendant's Motion"). For the reasons discussed below, this Court should deny Defendant's Motion in all respects.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

The below paragraphs address the fifty-two numbered paragraphs contained in Defendant's "Statement of Material Facts" (Dkt. 32, pp. 3-11, ¶¶ 1-52) in the order presented by the Defendant.

1. Plaintiff admits.

2. Plaintiff agreed that Defendant took safety seriously (Ex. A, Pl. Depo. 83:19-83:21).

3. Plaintiff admits that Defendant provided PPE to its employees. (Ex. A, Pl. Depo. 84:4-84:5).

4. Plaintiff admits that he received training, including being trained to leave the transfer process to perform other jobs. (Ex. A, Pl. Depo. 88:18-89:11).

5. Plaintiff agreed that termination could occur for not wearing proper PPE. (Ex. A, Pl. Depo. 85:8-85-14).

6. Plaintiff admits that the document referenced states that "[e]ffective 10/16/15 failure to wear Company Prescribed Personal Protective Equipment (PPE) during a chemical process such as transferring, containerizing, filling, loading, unloading, etc. will result in termination." (Ex. A, Pl. Depo. Ex. 8 Brenntag_000102).

7. Plaintiff disputes this statement. Todd Dial stated "[s]o I would *not* have followed through on this and terminated this employee, *even if I would have seen on the video that this employee was not wearing PPE*…" (emphasis added) (Ex. C, Dial Depo. 11:10-11:22). Further, Todd Dial admits that the "near miss" program is designed to avoid a "tattletale" getting other employees "in trouble". (Ex. C, Dial Depo. 7:13-7:16).

8. Plaintiff admits.

9. Plaintiff admits.

10. During his tenure with Defendant, Rick Lopez was the Assistant Plant Manager until on or about May 17, 2016, Mr. Todd Dial was Acting Director of Operations, and Cory Haynes was Acid Lead Operator. (Ex. A, Pl. Depo. 78:20-78:24; Ex. B, Corp. Rep. Depo. 21:11-21:13; Ex. D, Haynes Depo. 5:22-6:4).

11. Defendant has a history of failing safety and regulatory requirements as evidenced by the termination of Assistant Plant Manager Rick Lopez. (Ex. B, Corp. Rep. Depo. 21:3-21:6).

12. While Plaintiff was employed with Defendant in its Tampa, Facility, there were two other Acid Operators, Kenny Anderson and Cecil Allen, and one Acid Lead Operator, Cory Haynes. (Ex. A, Pl. Depo. 77:22-78:7; Ex. D, Haynes Depo. 5:22-6:4).

13. Plaintiff admits that while Cory Haynes did not have the ability to discipline plaintiff, Cory Haynes, as Acid Lead Operator, he was responsible for making "sure that the guys are safe and making sure that they get stuff on the production sheet completed and filled." (Ex. D, Haynes Depo. 5:22-6:4).

14. Plaintiff admits.

15. Plaintiff admits that Defendant's Exhibit is a description for a sulfuric acid dilution process and the Exhibit list certain PPE. (Ex. A., Pl. Depo. 65-12-65:22, Ex. 4 Brenntag_000022-21).

16. Plaintiff admits that he had seen the document before. (Ex. A., Pl. Depo. 65-12-65:18).

17. Plaintiff admits.

18. Plaintiff admits.

19. Plaintiff admits that he agreed with the question regarding whether an acid operator has to be present during acid dilution process at all times due to potential issues that can cause overspill, but also that is not the training he received. (Ex. A, Pl. Depo. 70:1-70:5; 88:18-89:25).

20. Plaintiff admits that he was given a counseling statement for an incident that took place on May 27, 2016. Plaintiff was advised that "if this ever occurs again, he will serve a 1 day unpaid suspension." (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200).

21. Plaintiff admits that he was authorized to leave the work area because Cory Haynes called him outside to help him put chemicals inside a tanker, that he performed multiple jobs in different areas, and that this was how Plaintiff was trained. (Ex. A, Pl. Depo. 94:1-94:9; 85:23-86:8; 86:22-87:13; 88:18-89:25).

22. Plaintiff disputes the denial of Cory Haynes. (Ex. A, Pl. Depo. 94:1-94:9).

23. Plaintiff disputes this statement. Defendant has an admitted history of failing safety and regulatory requirements as evidenced by the termination of Assistant Plant Manager Rick Lopez. (Ex. B, Corp. Rep. Depo. 21:3-21:6).

24. Plaintiff was advised that "if this ever occurs again, he will serve a 1 day unpaid suspension." (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200).

25. Plaintiff disputes this statement. The Defendant deviated from that policy and Plaintiff was advised that "if this ever occurs again, he will serve a 1 day unpaid suspension." (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200).

26. Plaintiff admits that the Defendant deviated from their own policy, that the Defendant has a has a history of failing safety and regulatory requirements, and that Plaintiff was advised that "if this ever occurs again, he will serve a 1 day unpaid suspension." (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200); Ex. B, Corp. Rep. Depo. 21:3-6).

27. Plaintiff admits.

28. Plaintiff admits.

29. Plaintiff disputes this statement. Cory Haynes, as Acid Lead Operator, was responsible for making "sure that the guys are safe". (Ex. D, Haynes Depo. 5:22-6:3). Further, Todd Dial, Acting Director of Operations, admits "[i]t's a choice whether [employees] wear their PPE or

not. It's not up to Brenntag. It's a decision of personal choice." (Ex. C, Dial Depo. 10:19-10:24).

30. Plaintiff disputes this statement. Defendant can point to no evidence that shows Plaintiff was required to tell Cory Haynes to put on PPE or to inform Cory Haynes that he was not in compliance with company policy and/or OSHA.

31. Plaintiff disputes this statement. (Ex. C, Dial Depo. 10:10-10:12).

32. Plaintiff disputes this statement. The video tape was deleted. (Ex. C, Dial Depo. 8:19-9:19).

33. Plaintiff disputes this statement. Regardless of whether Todd Dial stated that he never observed Cory Haynes working without PPE as required by the company PPE policy and OSHA, he stated that he would not have terminated the employee "*even if I would have seen on the video that this employee was not wearing PPE…*". (emphasis added) (Ex. C, Dial Depo. 11:10-11:22). Given that Plaintiff and Cory Haynes were the only two employees at the Tampa, FL facility on the day in question (Ex. A, Pl. Depo, 103:19-103:23) it is unclear how OSHA's requirement that PPE be used in workplace be enforced.

34. Plaintiff disputes this statement. Defendant has an admitted a history of failing safety and regulatory requirements. (Ex. B, Corp. Rep. Depo. 21:3-21:6).

35. Plaintiff disputes this statement. Defendant has an admitted a history of failing safety and regulatory requirements. (Ex. B, Corp. Rep. Depo. 21:3-21:6).

36. Plaintiff disputes this statement. The "Near-Miss" mechanism was in no way different from the letter that he submitted other than the letter that Plaintiff submitted was also purported to be sent to Defendant's corporate address and OSHA. Further, as previously stated, Todd

Dial admitted that he would not have terminated the employee "*even if I would have seen on the video that this employee was not wearing PPE…*" (emphasis added) (Ex. C, Dial Depo. 11:10-11:22). This is in contravention with Defendant's policy.

37. Plaintiff disputes this statement. Defendant has an admitted a history of failing safety and regulatory requirements. (Ex. B, Corp. Rep. Depo. 21:3-21:6).

38. Plaintiff admits that on June 21, 2016 he informed Todd Dial, before his shift began, that he was not feeling well, needed to take the day off, and was given permission to leave. (Ex. A, Pl. Depo. 100:4-101:2). Defendant apparently has no policy for this type of situation.

39. Plaintiff admits that on June 21, 2016 he informed Todd Dial, before his shift began, that he was not feeling well, needed to take the day off, and was given permission to leave. (Ex. A, Pl. Depo. 100:4-101:2). Defendant apparently has no policy for this type of situation.

40. Plaintiff disputes this statement. Plaintiff did text Todd Dial on June 21, 2016 to request PTO for the following day and that he was not disciplined for exercising PTO. (Ex. B, Corp. Rep. Depo. Ex 5, BRENNTAG_000124).

41. Plaintiff admits that he was disciplined for a policy violation on June 21, 2016 and that this was only day during his entire employment that he was disciplined regarding the Defendant's PTO policy. (Ex. B, Corp. Rep. Depo. Ex 5, BRENNTAG_000119-125).

42. Plaintiff admits that he was issued a counseling statement regarding the Defendant's PTO policy for alleged violations. (Ex. A, Pl. Depo. Ex. 12, BRENNTAG_000201-202).

43. Plaintiff admits.

44. Plaintiff disputes this statement. Plaintiff's hours were reduced. Plaintiff had always worked more hours than his two co-workers, but after giving the letter to Todd Dial, in May

6

2016, his hours were reduced at a greater rate than his two acid operator co-workers during the subsequent two months (June 2016 and July 2016). (Ex. E, BRENNTAG_000032).

45. Plaintiff disputes this statement. On August 5, 2016 Plaintiff left when his work was complete and there was no chemical process still going on. (Ex. A, Pl. Depo. 124:21-125:11; 128:1-128:7).

46. Plaintiff disputes this statement. On August 5, 2016, Cory Haynes sent a text message to Plaintiff after his shift had ended and after he had left the facility to which Plaintiff responded by asking Cory Haynes to not "send me anymore text's..". Cory Haynes again texted Plaintiff stating there was water on the floor and a valve was not shut to the water tank. (Ex. A, Pl. Depo. 124:21-125:11, Ex. 14 KATTELL_000023-24).

47. Plaintiff disputes the statement. Corey Haynes' text message to Plaintiff states that "u left water on the floor and u didnt shut the valve to the water tank off u basically didnt follow the shut down procedure", but now Defendant is saying, in addition to the information stated in the text message, that Plaintiff also "left product on the floor". There is nothing in the record to support the statement that any product was left on the floor, only water.

48. Plaintiff disputes this statement. On Monday August 8, 2016 Plaintiff reported for work and was suspended. (Ex. A, Pl. Depo. 127:17-127:18).

49. Plaintiff disputes this statement. Defendant admits that the incident on August 5, 2016 was the same safety issue at hand as the previous incident in May 2016 (Ex. B, Corp. Rep. Depo. 29:3-29:12) and that despite the previous counseling stating that "if this ever occurs again, he will serve a 1 day unpaid suspension" the Plaintiff was terminated with no

investigation. (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200; Ex. C, Corp. Rep. Depo. 29:13-29:16).

50. Plaintiff admits Todd Dial terminated his employment. (Ex. A, Pl. Depo. Ex. 15).

51. Plaintiff disputes this statement. On September 8, 2016, Plaintiff filed a complaint with OSHA alleging a violation of Section 11(c) of the OSH Act. (Ex. A, Pl. Depo, Ex. 16).

52. Plaintiff disputes this statement. OSHA issued a letter stating that "there is no reasonable cause to believe that a violation of Section 11(c) of the OSH Act has occurred", the letter makes no determination, let alone mentions, 29 C.F.R. § 1910.132. (Ex. A., Pl. Depo, Ex. 17).

## **MEMORANDUM OF LAW IN SUPPORT**

### A. Summary Judgement Standard

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law. Fed R. Civ. P. 56(a); *Cleotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Plaintiff can sustain a claim for retaliation under the Florida Private Whistleblower Act.

To prevail on a claim brought pursuant to the FPWA, "[p]laintiff must show 1) that [he] objected to or refused to participate in any illegal activity, policy or practice of Defendant; 2) [he] suffered an adverse employment action; and 3) the adverse employment action was causally linked to [his] objection or refusal. *See* Fla.Stat. § 448.102(3): *Bell v. Ga.-Pac. Corp.,* 390 F.Supp.2d 1182, 1187 (M.D. Fla. 2005). Defendant asserts that Plaintiff cannot

8

establish the first or third elements to meet his burden to establish a *prima facie* case of retaliation but, as outlined below, the Plaintiff meets the requirement of both elements.

1. **Plaintiff is not required to establish an actual violation of the law but does.**

The Defendant argues that the FPWA requires that the activity, policy, or practice objected to must be in actual violation of a law, rule, or regulation. As this Court recently stated in *Marie David v. Baycare Health Systems, Inc.*, case no. 8:19-cv-02136-T-60JSS, M.D. Fla. December 16, 2019 (Dkt. 20, p. 4), "Florida courts disagree on the scope of statutory protections under the F[P]WA. Florida's Fourth District Court of Appeal states that an employee engages in statutorily protected activity so long as she had a good faith, objectively reasonable basis to believe that she objected to "(i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *Aery v. Wallace Lincoln-Mercury LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013) (quoting *Pinder v. Bahamasair Holdings Ltd.m Inc.,* 661 F. Supp. 2d 1348, 1351 (S.D. Fla. 2009)); *see Canalejo v. ADG, LLC,* Case No. 8:14-cv-00017-T-MAP, 2015 WL 4992000, at *2 (M.D. Fla. Aug. 19, 2015). Conversely, the Second District Court of Appeal limits the FWA's protections to employees who object to actual violations of a law, rule, or regulation. *See Kearns v. Farmer Acquisition Co.,* 157 So. 3d 458, 468 (Fla. 2d DCA 2015); *see Gonzalez v. GEO Group, Inc.,* Case No. 0:17-cv-62186-WPD, 2018 WL 7144484, at *2 (S.D. Fla. Dec. 21, 2018) (stating that "the majority of courts [require] ... that the activity, policy or practice objected to is, in fact, in violation of a law, rule or regulation, not merely that the employee reasonably believed that the actions he objected to were in violation of a law, rule, or regulation"); *Graddy*

*v. Wal-Mart Stores East, LP,* 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017) (the text of the FWA "does not provide protection to employees for `alleged' or `suspected' violations of the law")."

While the Court in *David* did not come to a conclusion as to which district's approach to adopt, a recent order of this Court adopted the "good faith, objectively reasonable basis". *Doris Lapham v. Walgreen Co.*, case no. 6:19-cv-579-Orl-40DCI, M.D. Fla. July 19, 2019 (Dkt. 24, p. 5) (All that's required to satisfy the first prong is a "plausible allegation of what Plaintiff, in good faith, believes to be a violation of a law, rule or regulation." *Burns v. Medtronic, Inc.,* No. 8:15-CV-2330-T17-TBM, 2016 WL 3769369, at *5 (M.D. Fla. July 12, 2016)). Regardless of the standard that this Court chooses to apply, the Plaintiff has identified a law, rule, or regulation that Defendant actually violated.

### a. Plaintiff has presented enough evidence to prove Defendant violated 29 C.F.R. § 1910.132

Occupational Safety and Health ("OSH") Standard 29 C.F.R. § 1910.132 states the general requirements for personal protective equipment ("PPE") in the workplace. Subsection (a) states that:

> "Protective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, *used*, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact." (emphasis added).

Further, 29 C.F.R. § 1910.132(d)(1)(i) requires employers to assess

> "the workplace to determine if hazards are present, or are likely to be present, which necessitate the *use* of personal protective equipment (PPE). If such

hazards are present, or likely to be present, the employer shall: [s]elect, and have each affected employee *use*, the types of PPE that will protect the affected employee from the hazards identified in the hazard assessment[.]" (emphasis added).

Defendant's reliance on *Sec'y of Labor v. Atlantic Battery* Co., 16 BNA OSHC 2131, 2138 (No. 90-1747, 1994); *Sec'y of Labor v. Donohue Indus., Inc.*, No. 99-0191, slip op. at 5 (Occupational Safety & Health Review Comm'n Aug. 29, 2003) is misplaced as these two cases concern citations and fines imposed by OSHA against the companies and not claims by employees under the FPWA. As the court in *Pinder v. BAHAMASAIR HOLDINGS LIMITED, INC.*, 661 F. Supp. 2d 1348, 1351 - 1352 (S.D. Fla. 2009) states, while discussing whether the complaint of an illegal action by an employee satisfies the "employer" requirement of the FPWA, that "[a] corporation can only act through its employees, and accordingly an employer can only violate regulations through the actions of its employees."

As stated above, 29 C.F.R. § 1910.132 requires employers to necessitate the *use* of personal protective equipment (emphasis added). Defendant's stated polices, though, simply do not comport with their practices and Defendant has not forced or compelled their employees to use PPE. Plaintiff has alleged and proven that Cory Haynes, the employee responsible for making "sure that guys are safe", was in violation of the Defendant's PPE policy and OSH Act, that Todd Dial, the Acting Director of Operations, admitted that it's not up to Defendant to make the employees wear the required PPE, and Todd Dial further admitted that even if he saw, on video tape, the employee in charge of making "sure that guys are safe" he still would not have fired that employee, in direct contradiction to the Defendant's stated policies. (Ex. D, Haynes Depo. 5:22-6:4; (Ex. A, Pl. Depo. 101:19-103:15, Ex. 13 KATTELL_000004; Amend. Compl. ¶ 27; Ex. C, Dial Depo. 10:19-10:24; Ex. C, Dial Depo. 11:10-11:22).

11

Defendant readily admits the previous facility manager, Rick Lopez, "did not hold anyone accountable for their actions in regards to safety and regulatory requirements." (Ex. B, Corp. Rep. Depo. 21:2-6). So, it should not come as a surprise that there were no previous reports of PPE violations as Mr. Lopez was terminated on May 16, 2016 and the alleged PPE violation concerning Cory Haynes occurred on May 29, 2016.

As previously stated, "an employer can only violate regulations through the actions of its employees" so even if this was the first instance of a PPE violation, Cory Haynes was the employee in charge of making "sure that guys are safe" and was reported by Plaintiff for being in violation of the company PPE policy and OSH Act. (Ex. D, Haynes Depo. 5:22-6:4; Ex. A, Pl. Depo. 101:19-103:15, Ex. 13 KATTELL_000004; Amend. Compl. ¶ 27). The video tape that Plaintiff has alleged to show Cory Haynes in violation of the company PPE policy and OSH Act was destroyed. (Ex. C, Dial Depo. 8:19-9:19). The failure of Cory Haynes to use required PPE is a violation of a law, rule, or regulation by Defendant.

### b. Defendant's reliance on the Employee Misconduct Defense is misplaced.

Defendant again relies on cases that are not applicable this action. The "Employee Misconduct Defense", as articulated in *Sec'y of Labor v. American Sterilzer Co.*, 18 BNA OSHC 1082, 1087 (No. 91-2494, 1997) provides an affirmative defense to companies for citations and fines imposed by OSHA. Defendant cites no cases that apply this affirmative defense in FPWA actions. Indeed, in order to establish the first element of a claim under the FPWA the Plaintiff must show he objected to or refused to participate in "(I) an illegal activity, policy or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the

employer." *Pinder* at 1351. Again, Plaintiff has proven that Cory Haynes, the employee responsible for making "sure that guys are safe", was in violation of the Defendant's PPE policy and OSH Act, Todd Dial, the Acting Director of Operations, admitted that it's not up to Defendant to make the employees wear the required PPE, and Todd Dial further admitted that even if he saw, on video tape, the employee in charge of making "sure that guys are safe" he still would not have fired that employee, in direct contradiction to the Defendant's stated policies. (Ex. D, Haynes Depo. 5:22-6:4; (Ex. A, Pl. Depo. 101:19-103:15, Ex. 13 KATTELL_000004; Amend. Compl. ¶ 27; Ex. C, Dial Depo. 10:19-10:24; Ex. C, Dial Depo. 11:10-11:22).

### c) Defendant's Violation of the OSH Act's regulations violated both their own policy and the OSH Act.

Plaintiff 's letter that was left on the desk of Todd Dial states that Cory Haynes violated "PPE strict policies" and the Defendant's "company policies". Further, Plaintiff stated that by not wearing the required and mandated equipment Cory Haynes was in violation of "company policy" and "OSHA". (Ex. A, Pl. Depo. 101:19-103:15, Ex. 13 KATTELL_000004). To be clear, Plaintiff was alleging not only a violation of the Defendant's own polices, but also policies mandated by OSHA and the OSH Act itself. *Id*. The cases that Defendant cites are distinguishable. In *Little v. Foster Wheeler Construction Inc.*, 2010 2035546 at *9 (S.D. Fla. May 24, 2010) *aff'd*, 432, F. App'x 907 (11th Cir. 2011) the court granted summary judgement wherein the plaintiff failed to identify a statutory basis for two of the three claims the plaintiff made (regarding drug use in the workplace and drug testing) and the third claim (regarding sexual harassment) concerned a consensual relationship between other co-workers. *Id.* at 17-19. In *Lawson v. Dollar General Corp.*, 2006 WL 1980277 at *3 (M.D. Fla. 2006) the court

13

granted summary for a claim under the FPWA wherein the plaintiff made allegations of sexual harassment in violation of company policy, but failed to identify a specific law, rule, or regulation, but the court did deny summary judgement in regard to the claims made under Title VII and the Florida Civil Rights Act. *Id.* at 3-5. Both of these cases are in contrast to this action wherein Plaintiff has alleged and proven a violation of a specific regulation; 29 C.F.R. § 1910.132.

If this Court does adopt the "actual violation" standard, as it did in Dkt. 18, p. 11, then construing the evidence in the light most favorable to the Plaintiff and drawing all reasonable inferences in the Plaintiff's favor proves that the Defendant violated 29 C.F.R. § 1910.132 by not *necessitating* the *use* of PPE.

**2. There is a genuine issue of material fact as to whether Plaintiff's protected activity and his termination were not wholly unrelated.**

The Defendant asserts that Plaintiff has failed to show the causal connection required under the FPWA. In *Bell v. Georgia-Pacific Corp.*, F. Supp. 2d 1182, 1192 (M.D. Fla. May 17, 2005) this Court stated that "[t]o establish the requisite causal connection in presenting a prima facie case, the Plaintiff need only show that the protected activity and his termination were not "wholly unrelated." (*citing Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 590 (11th Cir.2000)). A plaintiff satisfies this element if he provides sufficient evidence "of knowledge of the protected expression and `that there was a close temporal proximity between this awareness and the adverse ... action.'" (*citing Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir.2004) (quoting *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1180 n. 30 (11th Cir.2003)). The first prong is easily met as Defendant knew about the Plaintiff's objection by

virtue of the letter that was placed on Todd Dial's desk on May 30, 2016. (Ex. C, Dial Depo. 5:5-5:17; Ex. C, Dial Depo. Ex. 1).

Plaintiff can prove that his hours were actually reduced due to his complaint letter due to the close temporal proximity. The record demonstrates that Plaintiff had worked more hours than his two co-workers for ten straight months, but after giving the letter to Todd Dial, in May 2016, his hours were reduced at a greater rate than his two acid operator co-workers during the subsequent two months (June and July 2016). Further, both of the acid operator co-workers had their hours increased in separate months; for one of the acid operator co-workers, his hours *increased* from 185.50 (May 2016) to 198.50 (June 2016) and the other acid operator co-worker had his hours increased from 176.50 (June 2016) to 182.25 (July 2016) while Plaintiff saw his reduced in *both* June 2016 and July 2016. (Ex. E, BRENNTAG_000032). The reduction of hours began in the days and weeks following Plaintiff's complaint and the Defendant offered no explanation for this disparity, thus satisfying the temporal proximity prong. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (a seven-week timeframe sufficiently proximate to create a causal nexus for purposes of establishing a prima facie case of retaliation).

The Defendant goes to great lengths to try to show that they would have disciplined and terminated Plaintiff for his alleged safety infractions and policy violations in the absence of any alleged protected activity, but the evidence simple does not support that assertion. As an initial matter, Plaintiff disputed the initial counseling statement on May 27, 2016 as he was instructed to leave his work area. (Ex. A, Pl. Depo. 94:1-94:9). Further the counseling statement itself stated that "if this ever occurs again, he will serve a 1 day unpaid suspension."

15

(Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200). When Defendant was asked why the Plaintiff was not disciplined consistent with the initial counseling statement, even though it was "the same safety issue at hand", Defendant stated that the termination was"[d]ue to the amount of safety issues that we saw…" without producing any evidence or specifics of said "safety issues". (Ex. B., Corp. Rep. Depo. 28:15-29:12). Additionally, Defendant alleges "multiple attendance violations", but the evidence shows only a single policy violation on June 21, 2016. (Dkt. 24 p.5 ¶ 32; Ex. C, Dial Depo. Ex 5, BRENNTAG_000119-125).

When asked if he called Plaintiff any derogatory names, Todd Dial admits to retaliatory animus by stating "I might have been a little upset so there might have been some things". (Ex. C, Dial Depo. 8:6-8:12). Further, Todd Dial referred to the method by which Plaintiff reported Cory Haynes as "trying to tattletale on other employees to get people in trouble." (Ex. C, Dial Depo. 7:13-7:16). Again, as stated above in this section (B.2.), after the Plaintiff engaged in protected action the Plaintiff's hours were reduced at a greater rate than his two acid operator co-workers (and both of the acid operator co-workers had their hours increased in separate months) and the Defendant was inconsistent with their disciplinary policies. Construing the evidence in the light most favorable to the Plaintiff and drawing all reasonable inferences in the Plaintiff's favor proves that the reduction in hours and termination were because of the protected activity.

### C. If Defendant can meet its rebuttal burden, then Plaintiff can prove that Defendant's proffered reason for termination is pretextual.

To avoid summary judgment on the issue of pretext, all that is required is a showing that there is evidence to cast doubt on the proffered reason such that a reasonable fact finder could conclude the proffered reason is not the real reason for the action. *Combs v. Plantation*

16

*Patterns* 106 F.3d 1519, 1538 (11th Cir. 1997). Evidence of pretext includes anything that tends to show the employer's legitimate non-retaliatory reason should not be believed or that, considering all the evidence, a retaliatory reason more likely motivated the decision. *Combs*, 106 F.3d at 1538; *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 921 (11th Cir. 1993) (stating that, to establish pretext, "plaintiff is not required to introduce evidence beyond that already offered to establish the prima facie claim").

The evidence demonstrates that Todd Dial harbored a retaliatory animus toward Plaintiff after he engaged in protected activity. Todd Dial stated that "I might have been a little upset so there might have been some things" when asked if he called Plaintiff any derogatory names. (Ex. C, Dial Depo. 8:6-8:12). Additionally, Todd Dial referred to the method by which Plaintiff reported Cory Haynes as "trying to tattletale on other employees to get people in trouble." (Ex. C, Dial Depo. 7:13-7:16). Further, Defendant's failure to consistently follow their policies and practices as it applied to Plaintiff suggests that Plaintiff protected activity contributed to his termination. *See Morrison v. Booth*, 763 F.2d 1366, 1374 (11th Cir. 1985) ("Departures from normal procedures may be suggestive of discrimination"). Defendant, "did not hold anyone accountable for their actions in regards to safety and regulatory requirements." (Ex. B, Corp. Rep. Depo. 21:2-6). When Defendant did discipline Plaintiff, it stated that "if this ever occurs again, he will serve a 1 day unpaid suspension." (Ex. A., Pl. Depo. Ex. 11 Brenntag_000199-200). When the same safety issue was at hand as the previous incident in May 2016 (Ex. C, Corp. Rep. Depo. 29:3-29:12) the Plaintiff was terminated with no investigation. (Ex. C, Corp. Rep. Depo. 29:13-29:16). Defendant's failure to investigate

17

whether the allegations against Plaintiff were true is evidence of retaliatory motive and that Plaintiff's protected activity contributed to his termination. *See Mastro v Potomac Elec. Power Co.*, 371 U.S. App. D.C. 68 (D.C. Cir. 2006); *E.E.O.C. v. Chevron Phillips Chemical Co.*, LP, 570 F.3d 606, 624-25 (5th Cir. 2009). The evidence offered supports the assertion that Defendant's proffered legitimate reason for reducing Plaintiff's work hours, suspending and terminating him are casually related to Plaintiff's protected activity and are a pretext for retaliation.

### D. Plaintiff's Claims Are Not Foreclosed and Should Not Be Dismissed.

The Defendant again argues that the Plaintiff should not be afforded "two bites at the apple". As an initial matter, it must be noted that while Plaintiff did file a complaint alleging a violation of Section 11(c) of the OSH Act with OSHA, the action before this Court is based in no such claim. Instead, Plaintiff's claim in this action is made under the FPWA. Further, Defendant cites no authority that requires Plaintiff to "fully exhaust" any remedy, no authority that precludes this private cause of action, and does not assert that there has been any adjudication by any court of competent jurisdiction. Additionally, Plaintiff was not afforded any opportunity to "litigate" his claim through OSHA as Defendant contends. He was not, for example, afforded any opportunity to the engage in discovery and indeed the video tape at issue in this matter was destroyed. (Ex. C, Dial Depo. 8:19-9:19).

The two cases that the Defendant cites are distinguishable from the current action before this Court. In *Welcome v. Mabus*, 2016 WL 5079301, at *13 (N.D. Fla. August 22, 2016), the plaintiff was precluded from pursuing discrimination claims in a United States district court because the plaintiff had already appealed the U.S. Merit Systems Protection

18

Board's ("MSPB") decision to the Federal Circuit Court of Appeals. *Id.* The court in *Welcome* states, *quoting Chappell v. Chao,* 388 F.3d 1373, 1375-76 (11th Cir. 2004), *"*according to the statutory scheme governing review of MSPB final orders, if a federal employee wants to pursue any type of discrimination claim on appeal, the employee must file a complaint in a federal district court, as the federal district court is the only forum in which an employee can appeal both parts of a mixed claim." While the plaintiff in *Welcome* was precluded from filing in a United States district court because he did not follow the procedure for pursuing such claims as set forth by the MSPB, there is no analogous procedure under the OSH Act that requires Plaintiff to either choose to file with OSHA or file in United States district court.

In the second case that the Defendant cites, *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763, 1239 (11th Cir. 1985), the court affirmed the district court's ruling denying a motion where the plaintiff raised a choice of law issue for the first time after the entry of summary judgment. The action before this Court has not been appealed to an appeals court asking that appeals court to interpret the law under the interpretation of another state. This case is inapplicable to the action before this Court. For the foregoing reasons, Plaintiff's claims are not foreclosed by the filing of a complaint with OSHA and the decision not to appeal their decision and should be allowed to proceed with this action.

### E. Conclusion

For all of the foregoing reasons, Plaintiff respectfully request that this Court deny Defendant's Motion for Final Summary Judgement in its entirety and grant such other relief as it deems just and proper.

Dated: February 13, 2020.

        Respectfully submitted,

        /s/ Jason B. Woodside
        Jason B. Woodside
        FL Bar No. 104848
        Woodside Law, P.A.
        100 S. Ashley Dr., Ste. 600
        Tampa, FL 33602
        T: (813) 606-4872
        F: (813) 333-9845
        Primary: Jason@woodsidelawpa.com
        *Trial Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to:

Ina F. Young, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
ina.young@ogletree.com

Dee Anna D. Hays, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Deeanna.hays@ogletree.com